UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTINA JERNAGIN, *et al.*,

            Plaintiff,

v.

OAKLAND, COUNTY OF, *et. al.*,

            Defendant.

_____/

Case No: 25-cv-11272
Hon. F. Kay Behm
U.S. District Judge

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

On May 19, 2025, this court entered an order giving Plaintiff until June 20, 2025, to submit an amended complaint complying with Rule 5.2(a)(3) (for example, by using only initials and/or redacting uses of the minors' names), and warned that failure to submit an amended pleading complying with that rule would result in dismissal of this case without prejudice for failure to prosecute.  ECF No. 12.

Plaintiff submitted an amended pleading on June 20, 2025, and then superseded that amended pleading with another on June 23, 2025. For the reasons detailed below, the court **DISMISSES** her complaint and gives her one final opportunity to replead.

1

First, a district court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–537, 94 S.Ct. 1372 (1974)); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.).  As far as the court is able to discern any cause of action in Plaintiff's lengthy complaint, she appears to allege some form of civil rights complaint under 42 U.S.C. § 1983 for violations of her rights in 2007.  ECF No. 14, PageID.1565.  However, "[i]n § 1983 actions, federal courts borrow state statutes of limitations to determine the applicable time period in which a plaintiff may bring a claim." *Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018).  "Section 1983 claims in Michigan must be raised within the three-year limitations period applicable to personal-injury suits." *Syzak v. Dammon*, No. 15-2468, 2017 U.S. App. LEXIS 25834, 2017 WL 5712670, at *2 (6th Cir. Feb. 17,

2017) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986));

*McClellan v. Cty. of Chippewa*, 634 F. Supp. 3d 404, 416 (W.D. Mich.

2022).  Plaintiff does not appear to make any allegation or explanation

why her complaint would not be time-barred, and so it is undisputably

without merit, and must be dismissed.

Second, the larger problem with Plaintiff's amended complaint is

that its lengthy recitations of various factual allegations do not comply

with Rules 8 or 10 of the Federal Rules of Civil Procedure.  Fed. R. Civ.

P. 10(b) states "A party must state its claims or defenses in numbered

paragraphs, each limited as far as practicable to a single set of

circumstances."  While Plaintiff uses (at least in the first few pages) a

civil complaint form, her factual allegations appear to be a mix of

different events, which the court cannot easily separate into distinct

sets of circumstances, and makes them nearly impossible to evaluate

fairly.  *See* ECF No. 14, PageID.1565.  And while some of her

attachments seem to be merely exhibits, other portions appear to be an

attempt at pleading additional allegations.  *See* ECF No. 14,

PageID.1604-1721 (over one hundred pages of additional handwritten

allegations). But it is almost impossible to tell what is meant to be her

complaint and what is merely supposed to be an exhibit showing
Plaintiff's prior interactions with the court system – a problem that the
court is not required to sift through.  "When a litigant—even a *pro
se* litigant—fails to comply with Rule 10(b), the court may dismiss the
complaint." *Acon-Chen v. Buttigieg*, No. 24-1529, 2024 U.S. Dist.
LEXIS 182174, at *4 (D.D.C. Oct. 5, 2024) (collecting cases in that
circuit); *see Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020)
("This type of 'shotgun pleading' violates Rule 10(b)").

As to Rule 8, Plaintiff's amended complaint totals 736 pages.  ECF
No. 14.  Her unwieldly assortment of papers compiled with no
immediately apparent organization also fails to comply with Rule 8 of
the Federal Rules of Civil Procedure, which requires that a complaint
contain "a short and plain statement of the grounds" upon which the
Court's jurisdiction depends, "a short and plain statement of the claim
showing that the pleader is entitled to relief," and a demand for
judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The
purpose of Rule 8 is to "give the defendant fair notice of what the . . .
claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and

citation omitted).  "When a complaint 'contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]' it does not fulfill the requirements of Rule 8." *E.g.*, *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 U.S. App. LEXIS 21793, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  Even in pleadings drafted by pro se parties, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Assuming there is any claim pleaded at all in the hundreds of pages of exhibits included after Plaintiff's initial "civil complaint" sheet, that claim is not properly pled and is dismissed.

However, because Plaintiff proceeds *pro se*, and it is at least possible that somewhere in the amended complaint there is a cognizable claim, the court will grant her one final opportunity to replead.  It is therefore **ORDERED** that the fourth amended complaint (ECF No. 14) is dismissed for failure to state a claim and failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, but Plaintiff shall have

until **July 22, 2025**, to submit a fifth amended complaint complying with the terms of this order.  The court strongly recommends that Plaintiff comply with Rules 8 and 10 by a) numbering her paragraphs, b) limiting each paragraph to a single set of circumstances, and c) keeping her complaint (not including exhibits) to as few pages as is needed to make a "short and plain" statement of the claim and the grounds for relief.

One last note: Plaintiff is now on her "fifth" amended complaint. ECF No. 14.  Under Fed. R. Civ. P 15, a "party may amend its pleading *once* as a matter of course" (emphasis added).  Here, the court struck her first two complaints for apparently including the names of minors, and she then filed her third amended complaint, which became her first operative complaint.  She then superseded that complaint (ECF No. 13) by filing a fourth amended complaint (ECF No. 14).  *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading).  The court now dismisses the fourth and ignores the third because Jernagin rendered it inoperative by filing the latest amended complaint.  *See Glass v. Kellogg*

*Co. Bakery*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (amended pleading nullifies the original).

This dismissal does not reset the count under Rule 15; she has already used her ability to refile as a matter of course.  Not counting the single amended pleading (fifth amended complaint) permitted by this order, any future pleadings, if any, shall be permitted only by court order.  Other than the first amended pleading received after entry of this order, the court will ignore any subsequent documents that purport to be further amended pleadings absent further order of the court.

**SO ORDERED**.

Date: July 1, 2025                    <u>s/F. Kay Behm</u>
                                      F. Kay Behm
                                      United States District Judge